FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DESHAYNA RHEANN BRISBOIS-LOGIE, <br><br> Defendant. | No. 1:19-CR-02042-SAB-1 <br><br> ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE <br><br> **ECF No. 6** |

On Wednesday, September 25, 2019, the Court conducted a continuation of the detention hearing in accordance with 18 U.S.C. § 3142(f). Defendant appeared, in custody, with Assistant Federal Defender Jeremy Sporn. Assistant United States Attorney Benjamin Seal represented the United States.

The United States' Motion for Detention (**ECF No. 6**) is **DENIED**.

The Court considered the Pretrial Services Report (ECF No. 15) and the counsels' proffers and arguments. To decide whether conditions of release would reasonably assure Defendant's appearance in court and the safety of the

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 1

community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

As to the nature and circumstances of the offense, Defendant is charged with assault resulting in serious bodily injury. It is alleged that Defendant engaged in an unprovoked assault against a 64-year-old woman. The alleged victim sustained serious and ongoing injuries, including a broken orbital bone, a nasal fracture, and loss of vision in one eye. Additionally, the United States proffered that, while charges against Defendant related to the instant offense were pending in tribal court, Defendant drove by the alleged victim's home, yelling at her and making obscene gestures at her. These allegations against Defendant are serious and the nature and circumstances of the offense are indicative of a potential ongoing danger to the community and to the alleged victim.

The weight of the evidence against Defendant appears to be strong; the United States has indicated that the alleged assault was captured on video.

Turning to Defendant's history and characteristics, Defendant is 32 years old and has spent most her life in the Wapato/White Swan area.  Defendant has six children, four of whom are minor children who live with her in Defendant's mother's home in White Swan.  The Court notes and appreciates that Defendant's family is supportive – her mother has appeared at multiple court hearings and has stated she will help Defendant maintain compliance with her conditions, and her step-father has offered his home as a release address.  Defendant's strong family support coupled with the fact that she has several minor children reduce the Court's concern of non-appearance.  The Court does find Defendant's criminal history concerning.  Defendant has had numerous contacts with law enforcement and has not demonstrated complete compliance; she has failed to appear for hearings, failed to pay fines, and failed to appear to serve her sentence in tribal court.  Additionally, Defendant has three outstanding warrants in tribal court, including one relating to the instant alleged offense.  Defendant was charged with assault and battery in 2015 (disposition unknown), charged with assault in 2017 (disposition unknown), and was charged with a hit and run involving a man who was allegedly struck by Defendant's car in 2017 (disposition unknown).  Nonetheless, the Court finds that the proposed release plan adequately addresses its concerns relating to the risk of potential danger to the community.

Defendant will be subject to restrictive conditions and will be required to address all outstanding criminal matters with the tribal court. Moreover, Defendant's release address is at least a 15-minute drive from the residence of the alleged victim, which, along with location monitoring, addresses the Court's safety concerns pertaining to the alleged victim. Accordingly;

**IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 6**) is **DENIED**.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

4. Defendant is bound over to Judge Stanley A. Bastian for further proceedings.

5. Defendant shall complete and sign A.O. Form 199C and, upon release, abide by the following conditions at all times:

# CONDITIONS OF RELEASE

1. Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

5. Defendant shall not possess a firearm, destructive device or any dangerous weapons.

6. Defendant shall report to the U.S. Probation/Pretrial Services office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

10. Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

**SPECIAL CONDITIONS OF RELEASE**

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2. Notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. Defendant shall submit to a mental health evaluation and undergo any recommended treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers

5. Defendant shall participate in a program of GPS location monitoring. The defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office. In the event the defendant does not respond to location monitoring or cannot be found, the United States Probation/Pretrial Services Office shall forthwith notify the United States Marshals Service, who shall immediately find, arrest and detain the defendant. The defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

6. Defendant shall be restricted to his/her residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the pretrial services office or

supervising officer, including but not limited to employment, religious services, medical necessities, substance abuse testing or treatment.

7. Defendant shall adhere to the geographic location monitoring boundary around the alleged victim's residence and place of employment. Boundary area to be determined by the United States Probation/Pretrial Services Office.

8. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provide to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions or release or supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

9. Defendant shall abstain totally from the use of alcohol and shall not have any alcohol in her residence.

10. Defendant shall submit to random urinalysis and breathalyzer testing for controlled substances and alcohol as directed by the United States Probation/Pretrial Services Office.

11. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is requires as a condition of release.

12. Defendant shall not operate a motor vehicle without a valid driver's license.

13. Defendant shall address all outstanding criminal matters in tribal court, including outstanding warrants.

It is respectfully requested the defendant is released from custody for installation of location monitoring.

DATED September 25, 2019.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 9