UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 21, 2020

SEAN F. McAVOY, CLERK

| | | | |
|---|---|---|---|
| U.S.A. vs. | Brisbois-Logie, Deshayna Rheann | Docket No. | 0980 1:19CR02042-SAB-1 |

### Petition for Action on Conditions of Pretrial Release

COMES NOW Linda Leavitt, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Deshayna Rheann Brisbois-Logie, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge Mary K. Dimke sitting in the court at Yakima, Washington, on the 25th day of September 2019, under the following conditions:

**Special Condition #5**: Defendant shall participate in a program of GPS location monitoring. The defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office. In the event the defendant does not respond to location monitoring or cannot be found, the United States Probation/Pretrial Services Office shall forthwith notify the Unites States Marshals Service, who shall immediately find, arrest and detain the defendant. The defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1**: Deshayna Brisbois-Logie is alleged of being in violation of her location monitoring program by not returning to her listed address, and spending the night at an unapproved location on February 16, 2020.

On September 26, 2019, the conditions of pretrial release supervision were reviewed and signed by Ms. Brisbois-Logie. She acknowledged an understanding of her conditions, which included special condition number 5. On this same date, the location monitoring program rules and expectations were also reviewed and signed by Ms. Brisbois-Logie acknowledging her understanding of the program. On October 29, 2019, Ms. Brisbois-Logie reported to the probation office to discuss her continued noncompliance with her location monitoring program. A second copy of the location monitoring agreement was provided to her. Ms. Brisbois-Logie has been reminded of the location monitoring program rules weekly since the start of pretrial supervision.

According to the National Location Monitoring Procedural Manual (Guide to Judiciary Policy, Volume 8, Part F), under PR 5.85 (Travel and Temporary Removal), page 59, paragraph A: "For LM participants, the issue of travel is complex, with various policies and procedures being applied. However, one standard is that the court must approve all overnight travel for LM participants who are supervised under LM, whether through bond conditions, a sentencing judgment, or a court-ordered modification. (Effective 06/18)"

On February 17, 2020, this officer was reviewing Ms. Brisbois-Logie's daily activities via the BI Total Access Program (BI) and observed multiple alerts and notifications being sent to her Global Positioning Satellite (GPS) unit by Supervising United States Probation Officer (SUSPO) Zepeda beginning at 4:51 a.m. regarding her GPS battery dying. This officer also observed multiple attempts to contact Ms. Brisbois-Logie on several of her listed cell phone numbers by SUSPO Zepeda without a response. While reviewing BI events, this officer observed Ms. Brisbois-Logie was not at her listed address. Per BI mapping, she was in White Swan, Washington, at her mother's listed address, which is only 1 block away from the victim's residence and the exclusion zone. Per BI, Ms. Brisbois-Logie left her listed address on February 16, 2020, at 10 a.m. and did not return. This officer sent Ms. Brisbois-Logie's mother multiple text messages requesting she tell Ms. Brisbois-Logie to change her battery and inquired as to why she was spending the night at her home. Ms. Brisbois-Logie's mother texted back stating "she had no ride back last night." This officer advised her mother that Ms. Brisbois-Logie is not

Re: Brisbois-Logie, Deshayna Rheann
February 19, 2020
Page 2

allowed to stay overnight at any location without the Court's approval. This officer requested she advise Ms. Brisbois-Logie to return to her listed address immediately as her GPS unit was dying. After staffing the above events with SUSPO Zepeda, this officer then called Ms. Brisbois-Logie's mother rather than texting her. This officer again explained Ms. Brisbois-Logie cannot stay overnight anywhere and she needs to return to her listed address. Ms. Brisbois-Logie's mother stated "she did not have a ride home last night and she does not have a ride back home today, that is her problem." Ms. Brisbois-Logie's mother advised she was not currently with her but, provided the defendant with the undersigned's phone number. At 9:47 a.m. on that date, Ms. Brisbois-Logie called this officer. She admitted she stayed the night at her mother's house because her ride fell through and she had no one to take her home.

**Violation #2:** Deshayna Brisbois-Logie is alleged to be in violation of her location monitoring program by not responding to United States probation officers and allowing her Global Positing Satellite (GPS) unit to die on February 17, 2020.

On September 26, 2019, the conditions of pretrial release supervision were reviewed and signed by Ms. Brisbois-Logie. She acknowledged an understanding of her conditions, which included special condition number 5. On this same date, the location monitoring program rules and expectations were also reviewed and signed by Ms. Brisbois-Logie acknowledging her understanding of the program. On October 29, 2019, Ms. Brisbois-Logie reported to the probation office to discuss her continued noncompliance with her location monitoring program. A second copy of the location monitoring agreement was provided to her. Ms. Brisbois-Logie has been reminded of the location monitoring program rules weekly since the start of pretrial supervision.

On February 17, 2020, this officer was reviewing Ms. Brisbois-Logie's daily activities via the BI Total Access Program (BI) and observed multiple alerts and notifications being sent to her Global Positioning Satellite (GPS) unit by Supervising United States Probation Officer (SUSPO) Zepeda beginning at 4:51 a.m. regarding her GPS battery dying. This officer also observed multiple attempts to contact Ms. Brisbois-Logie on several of her listed cell phone numbers by SUSPO Zepeda without a response. This officer then made contact with Ms. Brisbois-Logie's mother advising she was not responding to officers and her GPS unit was dying. This officer also questioned as to why she was at her listed address overnight and advised if her GPS unit dies, she is within 1 block of the victim and that is a major community safety concern. This officer requested she tell Ms. Brisbois-Logie to return to her listed address immediately to change her battery. Ms. Brisbois-Logie's mother stated she did not have a ride back to her address, she was not with her and she provided her the undersigned's phone number for contact. This officer then sent text messages to all the phone numbers the probation office has listed for Ms. Brisbois-Logie. At 8:41 a.m., Ms. Brisbois-Logie's GPS unit died and was no longer tracking her whereabouts. At 9:47 a.m., Ms. Brisbois-Logie called this officer. She advised she had arrived at her listed address and changed the battery. This officer reviewed BI and observed she replaced the battery at 9:20 a.m. This officer asked why from 4:51 a.m. until 9:47 a.m. she did not respond to officers attempting to contact her or respond to the messages sent through her GPS unit. Ms. Brisbois-Logie did not have a reason.

Ms. Brisbois-Logie has been verbally reprimanded for the continuing behavior multiples times, including coming before the Court to address the noncompliance and deviations under the location monitoring program three previous times. Supervising United States Probation Officer Zepeda and Deputy Chief United States Probation Officer Vargas have also addressed the continued deviations with Ms. Brisbois-Logie.

PRAYING THAT THE COURT WILL ORDER A SUMMONS

PS-8
Re: Brisbois-Logie, Deshayna Rheann
February 19, 2020
Page 3

                             I declare under the penalty of perjury that the foregoing is true and correct.

                             Executed on:    February 19, 2020

by    s/Linda J. Leavitt

                             Linda J. Leavitt
                             U.S. Pretrial Services Officer

---

THE COURT ORDERS

[ ]    No Action
[ ]    The Issuance of a Warrant
[X]    The Issuance of a Summons
[ ]    The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]    Defendant to appear before the Judge assigned to the case.
[X]    Defendant to appear before the Magistrate Judge.
[ ]    Other

                             *M. K. Dimke*

                             Signature of Judicial Officer

                             2/21/2020
                             Date